| Year | Related Colonos | Profit Bonus | Total | Individual Colonos | Difference |
|---|---|---|---|---|---|
| 1942................ | $2.213964 | $0.05119975 | $2.26516376 | $2.23967706 | $0 0254867 |
| 1943................ | 2.09605629 | 0.04232232 | 2 13887861 | 2.03793256 | 0.0594605 |
| 1945.......:...... | 2.09198665 | 0.01916208 | 2.11114873 | 2.09903193 | 0.12111680 |
| 1946.....:....... | 2.26709393 | 0.07773258 | 2.34482651 | 2.30042938 | 0.04439663 |

EPIFANIA VALDERRAMA CRUZ, Plaintiff and Appellant, *v.* ELADIO LACEN PLAZA, Defendant and Appellee.

No. 12624. Resubmitted June 10, 1961.—Decided June 22, 1961.

*Vicente Hita, Jr.* for appellant. *G. Jiménez Sicardó* for appellee.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

This is an action to determine whether a certain building is to be considered conjugal or separate property. Eladio Lacén Plaza and Epifania Valderrama Cruz were married in this city, Capital of Puerto Rico on June 21, 1946. The Superior Court, San Juan Part, decreed their divorce on July 29, 1954. No children were born of the marriage. By mutual agreement the conjugal partnership was liquidated, except for a two-story house made of concrete and wood, located on 748 Carpenter Road Avenue in Santurce, which according to Lacén Plaza, was his separate property and wholly belonged to him, while his ex-wife alleged that it was community property.

On April 17, 1956 Epifania brought an action against Eladio in order that said property be declared community property. Respondent opposed his ex-wife's claim alleging that he had built it with his own money, a long time before he married plaintiff and that said house was exclusively his and it was thus decided by the trial court.

Plaintiff appealed from said judgment to this Court charging the commission of a single error which consisted, according to her, in that the trial court erred in its weighing of the evidence and made findings which were not supported by the evidence.

The assignment of error is illusory. It was not committed at all. The judge weighed all the evidence very justly and correctly, without the slightest showing of prejudice, passion or partiality. His findings of fact are as follows:

"FINDINGS OF FACT.—That plaintiff and defendant were legally married on June 21, 1946, the marriage bond existing between them having been broken and dissolved on July 29, 1954 by judgment of this court in Civil Case No. 54–2423.

"That prior to their marriage that is, on December 14, 1942, defendant requested the Department of the Interior, Public

Works Division, permission to build a house as shown by document issued by the former Commissioner of the Interior, Hon. Sergio Cuevas.

"That later, on May 12, 1943, he was granted permission to extend a water pipe in order to obtain water for use in mixing the cement for the construction of said house. That all these acts were performed in connection with the construction of said house, which is at present No. 748 at Carpenter Road Avenue.

"That the money spent in building the same was plaintiff's own money which consisted in savings from the salary earned by him as employee of the Post Office of the United States in the city of New York.

"That on November 15, 1945, before notary Juan Ramírez Viñas, defendant executed deed No. 10 for the construction of a house on lot No. 4 at Carpenter Road Avenue, today No. 748.

"That the parties, by mutual agreement, liquidated the conjugal partnership except for the property now under consideration.

"It appears from the evidence that the property, object of this suit, is the separate property of defendant Eladio Lacén since he built it with his own money before he married plaintiff."

Each finding is amply and solidly supported by the evidence introduced by the parties. Besides, other circumstances which eloquently established the unmistakable separate nature of the property and which were very well known by plaintiff were established: (1) that the latter and Lacén Plaza lived in that house, and she used the first floor for a store of hers, since the end of December 1943, that is two and one half years before they were married; (2) that the marriage ceremony took place precisely in that house, built by Lacén Plaza with the money he brought to Puerto Rico in 1942; (3) that Lacén Plaza always paid the property tax levied on that property; (4) that plaintiff helped defendant in 1942 to take steps to acquire or build, with his own private means, a house in Santurce to bring to Puerto Rico the small daughters born of his first marriage.

We find no reason for altering the sound findings of fact and conclusions of law made by the judge. He could not, in fair play, reach any other conclusion. The main contention of the complaint that the property in issue was acquired "during the marriage and for the conjugal partnership" is untenable, and does not lie in law or in equity. See § § 1295, 1296, 1299 and 1322 of the Civil Code.

The judgment appealed from is affirmed.